■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARQUEZ, Appellant. [900 NYS2d 913]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed January 12, 2009, upon his conviction of assault in the second degree, upon a jury verdict.

Ordered that the resentence is reversed, on the law, the term of postrelease supervision is vacated, and the original sentence imposed May 15, 2002, is reinstated.

As held by the Court of Appeals in *People v Williams* (14 NY3d 198, 217 [2010]), "the Double Jeopardy Clause prohibits a court from resentencing the defendant to the mandatory term of [postrelease supervision] after the defendant has served the determinate term of imprisonment and has been released from confinement." In accordance with *People v Williams,* the People correctly concede that the term of postrelease supervision challenged on this appeal must be vacated. Accordingly, the resentence is reversed, the term of postrelease supervision is

vacated, and the original sentence imposed May 15, 2002, is reinstated.

In light of our determination, we do not consider the defendant's remaining contentions. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.