■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MOSES, Appellant. [908 NYS2d 595]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed September 22, 2008, which, upon his conviction of burglary in the second degree, upon his plea of guilty, imposed a period of postrelease supervision of three years in addition to the determinate term of imprisonment previously imposed on September 5, 2002.

Ordered that the resentence is reversed, on the law, the period of postrelease supervision is vacated, and the original sentence imposed on September 5, 2002, is reinstated.

As held by the Court of Appeals in *People v Williams* (14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]), "the Double Jeopardy Clause prohibits a court from resentencing the defendant to the mandatory term of [postrelease supervision] after the defendant has served the determinate term of imprisonment and has been released from confinement" (*People v Marquez*, 73 AD3d 1212, 1213 [2010]; *see People v Loving*, 76 AD3d 1032 [2010]). The People correctly concede that the term of postrelease supervision challenged on this appeal must be vacated. Accordingly, we reverse the resentence, vacate the term of postrelease supervision, and reinstate the original sentence imposed on September 5, 2002. Prudenti, P.J., Mastro, Balkin, Dickerson and Sgroi, JJ., concur.