■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant. [916 NYS2d 515]—

Appeal by the defendant from a resentence of the County Court, Orange County (Berry, J.), imposed September 30, 2008, which, upon his conviction of robbery in the first degree, upon his plea of guilty, imposed a period of postrelease supervision of 1½ years in addition to the determinate term of imprisonment previously imposed on February 5, 2002.

Ordered that the resentence is reversed, on the law, the period of postrelease supervision is vacated, and the original sentence imposed on February 5, 2002, is reinstated.

As held by the Court of Appeals in *People v Williams* (14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]), "the Double Jeopardy Clause prohibits a court from resentencing the defendant to the mandatory term of [postrelease supervision] after the defendant [as here] has served the determinate term of imprisonment and has been released from confinement" (*People v Marquez*, 73 AD3d 1212, 1212 [2010]; *see People v Moses*, 77 AD3d 770 [2010]; *People v Loving*, 76 AD3d 1032 [2010]). The People correctly concede that the term of postrelease supervision challenged on this appeal must be vacated. Accord-

ingly, we reverse the resentence, vacate the term of postrelease supervision, and reinstate the original sentence imposed on February 5, 2002. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.