■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAUS MIKUS, Appellant. [919 NYS2d 872]—

Appeal by the defendant from a resentence of the County Court, Dutchess County (Hayes, J.), imposed October 7, 2008, which, upon his conviction of attempted burglary in the second degree, upon his plea of guilty, imposed a period of postrelease supervision of 2½ years in addition to the determinate term of imprisonment previously imposed on February 7, 2006.

Ordered that the resentence is reversed, on the law, the period of postrelease supervision is vacated, and the original sentence imposed on February 7, 2006, is reinstated.

As held by the Court of Appeals in *People v Williams* (14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]), "the Double Jeopardy Clause prohibits a court from resentencing the defendant to the mandatory term of [postrelease supervision] after the defendant has served the determinate term of imprisonment and has been released from confinement" (*People v Marquez*, 73 AD3d 1212, 1212 [2010] [internal quotation marks omitted]; *see People v Moses*, 77 AD3d 770 [2010]; *People v Loving*, 76 AD3d 1032 [2010]). The People correctly concede that the term of postrelease supervision challenged on this appeal must be vacated. Accordingly, the resentence must be reversed, the term of postrelease supervision must be vacated, and the original sentence imposed on February 7, 2006, must be reinstated. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.